**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-30122 |
| Plaintiff-Appellee, | D.C. No. 2:03-cr-00069-EJL-1 |
| v. | |
| CHRISTOPHER CLOSE, | MEMORANDUM* |
| Defendant, | |
| and | |
| LOST CREEK TRUST, | |
| Claimant-Appellant. | |

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

Submitted April 19, 2019**
San Francisco, California

Before: PAEZ and BEA, Circuit Judges, and ROYAL,*** District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable C. Ashley Royal, United States District Judge for the Middle District of Georgia, sitting by designation.

Appellant Lost Creek Trust appeals the district court's final order in an ancillary forfeiture proceeding related to the criminal case of Defendant Christopher Close. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

**1.** Lost Creek Trust lacks standing to challenge the final order of forfeiture. We recently affirmed the district court's ruling that Lost Creek Trust failed to prove it had a legal interest in the Winch Road Property pursuant to 21 U.S.C. § 853(n). *United States v. Close*, 755 Fed. App'x 626, 628–29 (9th Cir. 2018). Without having established a legal interest in the property, Lost Creek Trust has no standing to challenge the final order of forfeiture.

**2.** Lost Creek Trust moves to substitute Close, the criminal defendant, as appellant. Close's "right, title and interest in said property" was ordered forfeited in March 2005, and the forfeiture order became final as to Close shortly thereafter, at sentencing. *See* Fed. R. Crim. P. 32.2(b)(4)(A). As the criminal defendant, Close does not have standing to challenge the forfeiture order in the ancillary proceedings. 21 § U.S.C. 853(n)(2) (referring to "[a]ny person, other than the defendant"). We therefore deny the motion to substitute.

**AFFIRMED.**